172 So. 125

## SEXTON v. STATE.

### 4 Div. 254.

### Court of Appeals of Alabama.

### Jan. 19, 1937.

W. H. Stoddard, of Luverne, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

**RICE, Judge.**

Appellant was convicted of the offense of manslaughter in the first degree.

It was alleged and proved that he shot and killed one Horace Deming.

There seems very little for us to say.

The State's testimony, as admitted by appellant's counsel, in his brief filed here, "makes out a case of murder in the first degree (and of course *manslaughter* in the first degree) and shows the killing to be without provocation." That for the defendant (appellant) tended to bear out his plea of not guilty by reason of having acted in self-defense. The case was strictly one for the jury.

Without narrating the testimony, it is sufficient to say that the "dying declaration" of deceased was properly allowed to be detailed in evidence, under the law as we undertook to collect and restate it in the opinion in the case of Oldham v. State, 26 Ala.App. 339, 161 So. 546, certiorari denied 230 Ala. 465, 161 So. 548.

Manifestly, the written charges refused to appellant were so refused without error.

In fact, we find nowhere error of a nature prejudicial to appellant's rights to have been committed. And the judgment is affirmed.

Affirmed.